Tomas A. Guterres, Esq. (State Bar No. 152729)
Catherine M. Mathers, Esq. (State Bar No. 221983)
Nicole Davis Tinkham, Esq. (State Bar No. 229592)
**COLLINS COLLINS MUIR + STEWART LLP**
1100 El Centro Street
South Pasadena, CA 91030
(626) 243-1100 – FAX (626) 243-1111
Email: cmathers@ccmslaw.com

Attorneys for Defendants COUNTY OF LOS ANGELES and COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN NEE; GREGGORY MOORE;; SHANE QUENTIN; and THE NATIONAL PHOTOGRAPHERS' RIGHTS ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SERGEANT MAURICE HILL, in his individual capacity; DEPUTY RICHARD GYLFIE, in his individual capacity; DEPUTY BAYES, in his individual capacity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 11-8899 DDP (JCGx)<br>*[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]*<br><br>**COUNTY OF LOS ANGELES AND COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**Complaint Filed:** October 27, 2011<br><br>**TRIAL DATE:** None |

COME NOW DEFENDANTS COUNTY OF LOS ANGELES and COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT (collectively "COLA") in response

*18014 – ANSWSER – JURY DEMAND*

1

**ANSWER TO COMPLAINT; JURY DEMAND**

to the Complaint of Plaintiffs SHAWN NEE, GREGGORY MOORE, SHANE QUENTIN and THE NATIONAL PHOTOGRAPHERS' RIGHTS ORGANIZATION for injunctive relief, declaratory relief, and damages, admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1.  Answering paragraphs 1-3 of Plaintiffs' Complaint, COLA admits that based on the allegations alleged by Plaintiffs jurisdiction and venue appear to be appropriate.

## INTRODUCTION

2.  Answering paragraph 4 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

3.  Answering paragraph 5 of Plaintiffs' Complaint, COLA denies each and every allegation therein.

4.  Answering paragraphs 6, 7, 8, 10, 11, and 12 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

5.  Answering paragraph 9 of Plaintiffs' Complaint, COLA admits that it performed an investigation involving Plaintiffs Shawn Nee, Moore and Quentin relating to suspicious activities. As to the remaining material allegations, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

## PARTIES

6.  Answering paragraphs 13, 14, 15, and 16 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

7.  Answering paragraphs 17 and 18 of Plaintiffs' Complaint, COLA admits that the County of Los Angeles is a California governmental entity. COLA admits

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

that the Los Angeles Sheriff's Department is a department within the County of Los Angeles. Except as admitted herein, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

8. Answering paragraphs 19, 20, and 21 of Plaintiffs' Complaint, COLA admits that Defendants Richard Gylfie, Deputy Bayes, and Sergeant Hill were employed by the County of Los Angeles Sheriff's Department. As to the remaining material allegations, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

9. Answering paragraph 22 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

## FACTUAL ALLEGATIONS

### I. FIRST INCIDENT

10. Answering paragraphs 23 – 36 of Plaintiffs' Complaint, COLA admits that Deputies Gylfie and Bayes approached Plaintiff Nee and asked why Plaintiff Nee was taking photographs of the Hollywood and Western Metro Rail Station. As to the remaining material allegations, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

### II. SECOND INCIDENT

11. Answering paragraphs 37 – 42 of Plaintiffs' Complaint, COLA denies each and every allegation contained therein.

### III. THIRD INCIDENT

12. Answering paragraphs 43 – 52 of Plaintiffs' Complaint, COLA denies each and every allegation contained therein.

### IV. FOURTH INCIDENT

13. Answering paragraphs 53 – 57 of Plaintiffs' Complaint, COLA denies each and every allegation contained therein.

///

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18014 – ANSWSER – JURY DEMAND

3

ANSWER TO COMPLAINT; JURY DEMAND

### V. FIFTH INCIDENT

14. Answering paragraphs 58 – 63 of Plaintiffs' Complaint, COLA denies each and every allegation contained therein.

### VI. ADDITIONAL INCIDENT

15. Answering paragraphs 64 – 68 of Plaintiffs' Complaint, COLA denies each and every allegation contained therein.

### VII. LASD TRAINING AND SUSPICIOUS ACTIVITY REPORTING

16. Answering paragraphs 69 – 76 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

17. Answering paragraphs 77 – 82 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

### SECOND CLAIM FOR RELIEF

18. Answering paragraphs 83 – 88 of Plaintiffs' Complaint, COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

### PRAYER FOR RELIEF

19. Answering Plaintiffs' Prayer for Relief, COLA denies that Plaintiffs are entitled to damages, declaratory relief, or injunctive relief. COLA lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

### FIRST AFFIRMATIVE DEFENSE

20. Plaintiffs' Complaint fails to state a claim upon which relief can be granted and/or for injunctive and/or declaratory relief against COLA.

///

## SECOND AFFIRMATIVE DEFENSE

21. Plaintiffs have not been deprived of any rights, privileges or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

22. At all relevant times, COLA and its agents and employees acted within the scope of their discretion, with due care and in good faith fulfillment of their responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under all circumstances known, and with the good faith belief that their actions comported with all applicable Federal and State laws and therefore are entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

23. Plaintiffs have no standing to maintain the claims.

## FIFTH AFFIRMATIVE DEFENSE

24. Plaintiffs had actual knowledge of the condition and particular danger alleged, knew and understood the degree of risk involved, and voluntarily assumed such risks.

## SIXTH AFFIRMATIVE DEFENSE

25. Plaintiffs failed to take reasonable measures/actions to avoid the injuries/damages alleged in the Complaint and thus, any recovery should be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' Complaint fails to set forth a cause of action because Defendants did not act pursuant to an official government policy which violated Plaintiffs' constitutionally protected rights.

## EIGHTH AFFIRMATIVE DEFENSE

27. To the extent Plaintiffs' Complaint raises procedural due process claims under 42 USC Section 1983 et. seq., Plaintiffs failed to exhaust their remedies available under State or administrative law as to some or all of their claims.

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

*18014 – ANSWSER – JURY DEMAND*

5

ANSWER TO COMPLAINT; JURY DEMAND

### NINTH AFFIRMATIVE DEFENSE

28. To the extent Plaintiffs' Complaint raises substantive due process claims under 42 USC Section 1983 et. seq., Plaintiffs failed to demonstrate or prove any arbitrary or capricious governmental action to sustain the claim.

### TENTH AFFIRMATIVE DEFENSE

29. Plaintiffs' Complaint fails to establish that any conduct on the part of COLA deprived Plaintiffs of any rights, privilege, or immunity secured by the Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

30. Plaintiffs' Complaint fails to establish that any activity alleged to have caused the unconstitutional deprivations, implements, or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by COLA.

### TWELVTH AFFIRMATIVE DEFENSE

31. Plaintiffs' Complaint fails to establish that COLA had any policies or customs affecting any of the alleged acts giving rise to Plaintiffs' constitutional claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

32. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, to the extent of any damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

33. Plaintiffs' Complaint, and each count thereof, fails to establish causation under color of statute, ordinance, regulation, custom, or usage.

### FIFTEENTH AFFIRMATIVE DEFENSE

34. Plaintiffs' injuries, if any, were caused by persons other than COLA.

### SIXTEENTH AFFIRMATIVE DEFENSE

35. The conduct of COLA alleged in Plaintiffs' Complaint is privileged and immune under State and Federal governmental law.

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

## SEVENTEENTH AFFIRMATIVE DEFENSE

36. Plaintiffs' injuries, if any, are the result of their own negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

37. Policy or custom of COLA cannot be established by one or even a few acts.

## NINETEENTH AFFIRMATIVE DEFENSE

38. COLA is informed and believes and, based thereon alleges that all actions of COLA and/or any of its agents or employees, complained of herein or taken in accordance with established policy and procedures, were in accordance with the law and thereby privileged.

## TWENTIETH AFFIRMATIVE DEFENSE

39. COLA did not act in bad faith or with malicious intent.

## TWENTY FIRST AFFIRMATIVE DEFENSE

40. Plaintiffs' detentions were lawful in that COLA believed the detentions to be lawful and COLA had probable cause to believe that Plaintiffs had committed, or were in the process of committing a violation of law or local ordinance.

## TWENTY SECOND AFFIRMATIVE DEFENSE

41. All acts of COLA, and/or any of its agents or employees, occurred in the proper exercise of the employee's powers without malice or intent to deprive any person of any right arising out of the constitutional laws of the United States, or to do any person any other injury.

## TWENTY THIRD AFFIRMATIVE DEFENSE

42. The actions of a third party or parties were a superseding, intervening cause of Plaintiffs' injuries, if any.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

43. COLA is informed and believes and, based thereon alleges that Plaintiffs' conduct estopps and bars them from any claim hereunder against COLA, or any of its agents or employees.

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18014 – ANSWSER – JURY DEMAND

7

ANSWER TO COMPLAINT; JURY DEMAND

### TWENTY FIFTH AFFIRMATIVE DEFENSE

44. COLA is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Waiver.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

45. COLA is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

46. COLA is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Laches.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

47. COLA will be entitled to reasonable attorneys' fees and costs of suit upon prevailing.

### TWENTY NINTH AFFIRMATIVE DEFENSE

48. COLA is immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: *Government Codes* §§ 815, 815.2, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 821.4, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 822.2, 845, 845.6, 845.8, 846, 850.8, 855.6, 856.4.

### THIRTIETH AFFIRMATIVE DEFENSE

49. To the extent that Plaintiffs suffered any detriment or injury, such detriment or injury was unavoidable.

### THIRY FIRST AFFIRMATIVE DEFENSE

50. COLA is protected from liability under the Doctrine of Qualified Immunity because COLA's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### THIRTY SECOND AFFIRMATIVE DEFENSE

51. If there was a violation, COLA is entitled to qualified immunity because its conduct was reasonable based upon the information that it possessed. COLA had reason

to believe "in good faith" that what they did was lawful and appropriate, and relied upon information provided to it. Moreover, it acted under a reasonable, even if mistaken, belief that what it did was reasonable, appropriate and lawful.

### THIRTY THIRD AFFIRMATIVE DEFENSE

52. Plaintiffs' Complaint fails to state a claim against COLA for violation of their First Amendment rights.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

53. Plaintiffs' Complaint fails to state a claim against COLA for violation of their Fourth Amendment rights.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

54. COLA did not act with reckless disregard or deliberate indifference.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

55. The detentions complained of were regularly and lawfully made in good faith by peace officers acting within the scope of their authority and with reasonable cause at the time of the detentions, to believe that such detentions were lawful.

DATED: November 28, 2011                COLLINS COLLINS MUIR + STEWART LLP

By: _____
TOMAS A. GUTERRES
CATHERINE M. MATHERS
NICOLE DAVIS TINKHAM
Attorneys for Defendants,
COUNTY OF LOS ANGELES and
COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT

## DEMAND FOR JURY TRIAL

COLA hereby demands a trial by jury in this matter as provided Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: November 28, 2011              COLLINS COLLINS MUIR + STEWART LLP

By: _____
TOMAS A. GUTERRES
CATHERINE M. MATHERS
NICOLE DAVIS TINKHAM
Attorneys for Defendants,
COUNTY OF LOS ANGELES and
COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

*18014 – ANSWER – JURY DEMAND*

10

**ANSWER TO COMPLAINT; JURY DEMAND**