**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Catherine M. Mathers, Esq. (State Bar No. 221983)**
**Nicole Davis Tinkham, Esq. (State Bar No. 229592)**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA 91030**
**(626) 243-1100 – FAX (626) 243-1111**
**Email: cmathers@ccmslaw.com**

Attorneys for Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SERGEANT MAURICE HILL, DEPUTY RICHARD GYLFIE, and DEPUTY BAYES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHAWN NEE; GREGGORY MOORE;; SHANE QUENTIN; and THE NATIONAL PHOTOGRAPHERS' RIGHTS ORGANIZATION,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SERGEANT MAURICE HILL, in his individual capacity; DEPUTY RICHARD GYLFIE, in his individual capacity; DEPUTY BAYES, in his individual capacity; and DOES 1 through 10, inclusive,

Defendants.

**CASE NO. CV 11-8899 DDP (JCGx)**
*[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]*

**DEPUTY BAYES' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**

**JURY TRIAL DEMANDED**

**Complaint Filed: October 27, 2011**

**TRIAL DATE: None**

COMES NOW DEFENDANT DEPUTY BAYES (hereinafter "DEFENDANT") in response to the Complaint of Plaintiffs SHAWN NEE,

GREGGORY MOORE, SHANE QUENTIN and THE NATIONAL PHOTOGRAPHERS' RIGHTS ORGANIZATION for injunctive relief, declaratory relief, and damages, admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Answering paragraphs 1-3 of Plaintiffs' Complaint, DEFENDANT admits that based on the allegations alleged by Plaintiffs jurisdiction and venue appear to be appropriate.

**INTRODUCTION**

2. Answering paragraph 4 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

3. Answering paragraph 5 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation therein.

4. Answering paragraphs 6, 7, 8, 10, 11, and 12 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

5. Answering paragraph 9 of Plaintiffs' Complaint, DEFENDANT admits that an investigation was performed involving Plaintiffs Shawn Nee, Moore and Quentin relating to suspicious activities. As to the remaining material allegations, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**PARTIES**

6. Answering paragraphs 13, 14, 15, and 16 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

7. Answering paragraphs 17 and 18 of Plaintiffs' Complaint, DEFENDANT admits that the County of Los Angeles is a California governmental entity. DEFENDANT admits that the Los Angeles Sheriff's Department is a department

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

within the County of Los Angeles. Except as admitted herein, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

8. Answering paragraphs 19, 20, and 21 of Plaintiffs' Complaint, DEFENDANT admits that DEFENDANT was employed by the County of Los Angeles Sheriff's Department. As to the remaining material allegations, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

9. Answering paragraph 22 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**FACTUAL ALLEGATIONS**

**I. FIRST INCIDENT**

10. Answering paragraphs 23 – 36 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**II. SECOND INCIDENT**

11. Answering paragraphs 37 – 42 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation contained therein.

**III. THIRD INCIDENT**

12. Answering paragraphs 43 – 52 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation contained therein.

**IV. FOURTH INCIDENT**

13. Answering paragraphs 53 – 57 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation contained therein.

**V. FIFTH INCIDENT**

14. Answering paragraphs 58 – 63 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation contained therein.

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**VI. ADDITIONAL INCIDENT**

15. Answering paragraphs 64 – 68 of Plaintiffs' Complaint, DEFENDANT denies each and every allegation contained therein.

**VII. LASD TRAINING AND SUSPICIOUS ACTIVITY REPORTING**

16. Answering paragraphs 69 – 76 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

17. Answering paragraphs 77 – 82 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**SECOND CLAIM FOR RELIEF**

18. Answering paragraphs 83 – 88 of Plaintiffs' Complaint, DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**PRAYER FOR RELIEF**

19. Answering Plaintiffs' Prayer for Relief, DEFENDANT denies that Plaintiffs are entitled to damages, declaratory relief, or injunctive relief. DEFENDANT lacks sufficient information and belief upon which to answer and, on that basis, denies the allegations therein.

**FIRST AFFIRMATIVE DEFENSE**

20. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for injunctive and/or declaratory relief against DEFENDANT.

**SECOND AFFIRMATIVE DEFENSE**

21. Plaintiffs have not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

///

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**THIRD AFFIRMATIVE DEFENSE**

22. At all relevant times, DEFENDANT acted within the scope of his discretion, with due care and in good faith fulfillment of his responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under all circumstances known, and with the good faith belief that his actions comported with all applicable Federal and State laws and therefore is entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

23. Plaintiffs have no standing to maintain the claims.

**FIFTH AFFIRMATIVE DEFENSE**

24. Plaintiffs had actual knowledge of the condition and particular danger alleged, knew and understood the degree of risk involved, and voluntarily assumed such risks.

**SIXTH AFFIRMATIVE DEFENSE**

25. Plaintiffs failed to take reasonable measures/actions to avoid the injuries/damages alleged in the Complaint and thus, any recovery should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiffs' Complaint fails to set forth a cause of action because DEFENDANT did not act pursuant to an official government policy which violated Plaintiffs' constitutionally protected rights.

**EIGHTH AFFIRMATIVE DEFENSE**

27. To the extent Plaintiffs' Complaint raises procedural due process claims under 42 USC Section 1983 et. seq., Plaintiffs failed to exhaust their remedies available under State or Administrative law as to some or all of their claims.

**NINTH AFFIRMATIVE DEFENSE**

28. To the extent Plaintiffs' Complaint raises substantive due process claims under 42 USC Section 1983 et. seq., Plaintiffs failed to demonstrate or prove any arbitrary or capricious governmental action to sustain the claim.

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**TENTH AFFIRMATIVE DEFENSE**

29. Plaintiffs' Complaint fails to establish that any conduct on the part of DEFENDANT deprived Plaintiffs of any rights, privilege, or immunity secured by the Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

30. Plaintiffs' Complaint fails to establish that any activity alleged to have caused the unconstitutional deprivations, implements, or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by DEFENDANT.

**TWELVTH AFFIRMATIVE DEFENSE**

31. Plaintiffs' Complaint fails to establish that DEFENDANT had any policies or customs affecting any of the alleged acts giving rise to Plaintiffs' constitutional claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

32. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, to the extent that any damages sustained, if any, should be reduced in proportion to the amount of said negligence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

33. Plaintiffs' Complaint, and each count thereof, fails to establish causation under color of statute, ordinance, regulation, custom, or usage.

**FIFTEENTH AFFIRMATIVE DEFENSE**

34. Plaintiffs' injuries, if any, were caused by persons other than DEFENDANT.

**SIXTEENTH AFFIRMATIVE DEFENSE**

35. The conduct of DEFENDANT alleged in Plaintiffs' Complaint is privileged and immune under State and Federal governmental law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

36. Plaintiffs' injuries, if any, are the result of their own negligence.

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**EIGHTEENTH AFFIRMATIVE DEFENSE**

37. Policy or custom of DEFENDANT cannot be established by one or even a few acts.

**NINETEENTH AFFIRMATIVE DEFENSE**

38. DEFENDANT is informed and believes and, based thereon alleges that all actions of DEFENDANT complained of herein or taken in accordance with established policy and procedures, were in accordance with the law and thereby privileged.

**TWENTIETH AFFIRMATIVE DEFENSE**

39. DEFENDANT did not act in bad faith or with malicious intent.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

40. Plaintiffs' detentions were lawful in that DEFENDANT believed the detentions to be lawful and DEFENDANT had probable cause to believe that Plaintiffs had committed, or were in the process of committing a violation of law or local ordinance.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

41. All acts of DEFENDANT occurred in the proper exercise of the employee's powers without malice or intent to deprive any person of any right arising out of the constitutional laws of the United States, or to do any person any other injury.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

42. The actions of a third party or parties were a superseding, intervening cause of Plaintiffs' injuries, if any.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

43. DEFENDANT is informed and believes and, based thereon alleges that Plaintiffs' conduct estopps and bars them from any claim hereunder against DEFENDANT.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

44. DEFENDANT is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Waiver.

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

45. DEFENDANT is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

46. DEFENDANT is informed and believes and, based thereon alleges that Plaintiffs' claims are barred by the Doctrine of Laches.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

47. DEFENDANT will be entitled to reasonable attorneys' fees and costs of suit upon prevailing.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

48. DEFENDANT is immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: *Government Codes* §§ 815, 815.2, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 821.4, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 822.2, 845, 845.6, 845.8, 846, 850.8, 855.6, 856.4.

**THIRTIETH AFFIRMATIVE DEFENSE**

49. To the extent that Plaintiffs suffered any detriment or injury, such detriment or injury was unavoidable.

**THIRY FIRST AFFIRMATIVE DEFENSE**

50. DEFENDANT is protected from liability under the Doctrine of Qualified Immunity because DEFENDANT'S conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

51. If there was a violation, DEFENDANT is entitled to qualified immunity because his conduct was reasonable based upon the information that he possessed. DEFENDANT had reason to believe "in good faith" that what he did was lawful and appropriate, and relied upon information provided to him. Moreover, he acted under a reasonable, even if mistaken, belief that what he did was reasonable, appropriate and

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

lawful.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

52. Plaintiffs' Complaint fails to state a claim against DEFENDANT for violation of their First Amendment rights.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

53. Plaintiffs' Complaint fails to state a claim against DEFENDANT for violation of their Fourth Amendment rights.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

54. DEFENDANT did not act with reckless disregard or deliberate indifference.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

55. The detentions complained of were regularly and lawfully made in good faith by DEFENDANT acting within the scope of his authority and with reasonable cause at the time of the detentions, to believe that such detentions were lawful.

DATED: February 16, 2012

COLLINS COLLINS MUIR + STEWART LLP

By: ______________________________

TOMAS A. GUTERRES
CATHERINE M. MATHERS
NICOLE DAVIS TINKHAM
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SERGEANT MAURICE HILL, DEPUTY BAYES and DEPUTY RICHARD GYLFIE

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

**DEMAND FOR JURY TRIAL**

DEFENDANT hereby demands a trial by jury in this matter as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: February 16, 2012

COLLINS COLLINS MUIR + STEWART LLP

By: ______________________________

TOMAS A. GUTERRES
CATHERINE M. MATHERS
NICOLE DAVIS TINKHAM
Attorneys for Defendants,
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SERGEANT MAURICE HILL, DEPUTY BAYES and DEPUTY RICHARD GYLFIE

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111