1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN NEE; GREGGORY MOORE; SHANE QUENTIN; and THE NATIONAL PHOTOGRAPHERS' RIGHTS ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SERGEANT MAURICE HILL, in his individual capacity; DEPUTY RICHARD GYLFIE, in his individual capacity; DEPUTY BAYES, in his individual capacity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 11-8899 DDP (JCGx)<br>*[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]*<br><br>[Proposed] PROTECTIVE ORDER RE CONFIDENTIAL DISCOVERY MATERIALS<br><br>Complaint Filed: October 27, 2011<br><br>TRIAL DATE: August 20, 2013 |

1

     Having reviewed the stipulation of the parties regarding a proposed protective order for confidential discovery materials, and good cause appearing,

     IT IS HEREBY ORDERED as follows:

     1. Any information produced by either party may be designated, pursuant to this Stipulated Protective Order, "CONFIDENTIAL INFORMATION," by the Producing Party[1] marking (apart from original deposition or trial transcripts) the word "CONFIDENTIAL" plainly at the top of each page of such designated material. If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the Producing Party;

     2. CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

         a.   CONFIDENTIAL INFORMATION and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, the Parties' Counsel agrees that CONFIDENTIAL INFORMATION and the information contained therein shall not be disclosed to their clients' families;

         b.   Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court;

         c.   The Producing Party reserves all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client and/or the

---

[1] For purposes of this Stipulation, the "Producing Party" shall mean the party producing documents and/or seeking to designate the material confidential. The "Receiving Party" shall mean any party receiving discovery material.

attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including the right to recess a deposition to bring a protective order before the Court;

d. The parties reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery;

e. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(f) below;

f. CONFIDENTIAL INFORMATION and the information contained therein may only be disclosed to the following persons:

  i. Counsel for the Receiving Party;

  ii. Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 2(f)(i) above;

  iii. The Court, as set forth below;

  iv. Any expert, consultant, or law student retained in the instant case by the Receiving Party, or the Receiving Party, <u>provided that each such person sign a Declaration of Compliance (in the</u> form attached hereto as Exhibit "A") stating that he or she has read and understands the Stipulation and Protective Order and agrees to be bound by its terms. However, Plaintiffs' counsel may not disclose directly to the Plaintiffs, either orally or in writing, the addresses and telephone numbers of any witnesses

3

[Proposed] PROTECTIVE ORDER RE CONFIDENTIAL DISCOVERY MATERIALS

     identified in the CONFIDENTIAL INFORMATION, but may discuss with the Plaintiffs the information obtained from any investigation conducted as a result of disclosed CONFIDENTIAL INFORMATION;

  v. Any individual approved by the Court.

g. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including but not limited to the print, radio, telephone, world wide web or internet, or television media;

h. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website;

i. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States District Judge Dean D. Pregerson, for lodging under seal, in an envelope clearly marked as follows:

> "CONFIDENTIAL AND MATERIAL
> SUBJECT TO A PROTECTIVE ORDER.
> CASE NO.: CV 11-8899 DDP (JCGx)."

j. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action and is sealed and does not appear as part of the publicly accessible record, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use; however, nothing in this provision limits the parties from using materials filed with the Court and part of the publicly accessible record in any way;

  k. Nothing in paragraph 9(b) is intended to prevent authorized government officials for the Defendants from having access to the documents if they had access in the normal course of their job duties;

  l. Testimony taken at any deposition~~, conference, hearing, or trial~~ may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. The party seeking to designate the transcript as CONFIDENTIAL shall make arrangements with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly.

  m. Nothing in this protective order should be interpreted as stipulating to or requiring the closure of trial proceedings or the sealing of any evidence at trial. To close or seal any trial proceedings **OR TO DEEM ANY MATERIAL CONFIDENTIAL AT A COURT PROCEEDING**, the party seeking **CONFIDENTIALITY**, closure or sealing must apply to the Court in advance. To better allow such applications, the parties agree to notify each other of their intent to use material designated CONFIDENTIAL at trial, prior to trial for written documents and exhibits, or prior to the use of any prior testimony used for impeachment or admissions;

~~4. Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall~~ cause the substance of this Protective Order to be communicated and obtain agreement to abide by the Protective Order to each person whom CONFIDENTIAL materials are revealed in accordance with this Order.

 5. The Receiving Party may challenge the designation as CONFIDENTIAL INFORMATION of any material so designated by a Producing Party. The Receiving

Party must raise a challenge to such designation, in writing, to the Producing Party at any time prior to a judgment in the litigation. The parties must meet and confer with in an attempt to resolve any such challenge. Failing informal resolution between parties, the Producing Party may file and serve a Motion for a Protective Order with the Court **STRICTLY PURSUANT TO LOCAL RULE 37, INCLUDING THE JOINT STIPULATION PROCEDURE**. The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order. If the Producing Party does not file a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Stipulation, but that change in designation does not bar the Producing Party from subsequently filing a motion for a protective order.

     6.    After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for the Producing Party. The provisions of this Order shall be in effect until further order of this Court.

     7.    That any counsel, expert or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION or the information contained therein in any other court proceeding subject to further order of this Court.

     8.    All CONFIDENTIAL INFORMATION produced in accordance with this Protective Order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties, by operation Paragraph 5 of this Stipulation, or by further order of this Court.

9. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

10. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

IT IS SO ORDERED.

DATED: August 20, 2012

_____
Hon. Jay C. Gandhi
United States Magistrate Judge