ACLU FOUNDATION OF SOUTHERN CALIFORNIA
PETER BIBRING (SBN 223981)
pbibring@aclu-sc.org
YAMAN SALAHI (SBN 288752)
ysalahi@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: 213-977-9500
Facsimile: 213-977-5297

AKIN GUMP STRAUSS HAUER & FELD LLP
L. RACHEL LERMAN (SBN 193080)
rlerman@akingump.com
FELIX LEBRON (SBN 232984)
flebron@akingump.com
SARAH GETTINGS (SBN 260436)
sgettings@akingump.com
GEELAN FAHIMY (SBN 287646)
gafahimy@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAWN NEE; *et al.*, <br><br> Plaintiffs, <br> v. <br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, *et al.*, <br><br> Defendants. | Case No. 11-CV-08899-DDP-JCG <br><br> **SUPPLEMENTAL DECLARATION OF YAMAN SALAHI IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** <br><br> Honorable Jay C. Gandhi <br> Date: May 21, 2013 <br> Time: 2:00 p.m. <br><br> Discovery Cut-off: June 12, 2013 <br> Final Pre-Trial Conf.: October 7, 2013 <br> Trial Date: October 22, 2013 |

# SUPPLEMENTAL DECLARATION OF YAMAN SALAHI

I, Yaman Salahi, declare the following:

1. I am an attorney duly licensed to practice law in the State of California. I am a Staff Attorney and Liman Fellow at the American Civil Liberties Union of Southern California ("ACLU-SC"), counsel of record for Plaintiffs National Photographers Rights Organization, Shawn Nee, Shane Quentin, and Greggory Moore ("Plaintiffs"). I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify to them.

## Meet and Confer Efforts

2. The parties held an in-person meet and confer on April 11, 2013 at the ACLU's offices in Downtown Los Angeles. Peter Bibring, Sarah Gettings, and Yaman Salahi were present for the Plaintiffs. Nicole Davis Tinkham, Christian Nagy, and Denisse Gastelum were present for Defendants.

3. At the April 11, 2013 meet and confer, Defendants' counsel continued to maintain that all information in a police officer's personnel file is inherently private, regardless of whether the information itself is unknown to the public or of a sensitive nature. Defendants' counsel also maintained that because videos related to the incidents in the complaint had in the past garnered negative online comments, that public release of these investigatory files now would garner renewed attention and accordingly more public criticism of the deputies and/or Department.

4. At the April 11, 2013 meet and confer, Defendants' counsel also promised to submit to Plaintiffs' counsel proposed redactions of the IAB files by April 16, 2013 and to discuss these proposals via telephone on April 18, 2013.

5. On April 16, 2013, Defendants' counsel e-mailed proposed redactions to the IAB files to Plaintiffs' counsel. Defendants' counsel informed Plaintiffs' counsel on May 7, 2013 that these proposed redactions would be attached to the Declaration of Denisse Gastelum in conjunction with Defendants' Supplemental Briefing as Exhibits A, B, and C.

1

6. On April 18, 2013, counsel for both parties held a telephonic conference to discuss Defendants' redactions. Sarah Gettings, Peter Bibring, and Yaman Salahi participated for the Plaintiffs, and Nicole Davis Tinkham, Denisse Gastelum, and Christian Nagy participated for the Defendants. The parties agreed that the personal information, like home addresses and telephone numbers, of LASD personnel should be redacted. The parties also agreed that the name and personal information of citizens who telephoned the Department to voice complaints about the incidents alleged in this lawsuit should also be redacted. However, the parties were left at an impasse as to three categories of information: the conclusions and recommendations of the investigations, the names of Defendants as they appear in the investigatory files, and the names of high-level LASD officials who approved the investigations and the LASD personnel who conducted the investigations.

7. During the meet and confer sessions on April 16 and 18, Defendants voiced no objection to public release of the remainder of the records.

**References**

8. A video of Deputy Gylfie and Bayes detaining Shawn Nee and threatening to add his name to an FBI "hit list" is publicly available on YouTube. *See* Discarted, *LA Sheriff Threatens to Submit Photographer to FBI's Hit List*, YouTube (Nov. 8, 2009), https://www.youtube.com/watch?v=yY2cCPW3H7g. As of this date, over 116,000 individuals have viewed this video on YouTube. Attached as **Exhibit A** is a CD-Rom containing a true and correct copy of the video file hosted on YouTube.

9. Attached as **Exhibit B** is a true and correct copy of several comments under the YouTube video mentioned in paragraph 8 which attack Plaintiff Nee. These comments are still visible online.

10. During meet and confer efforts, Defendants' counsel brought to Plaintiffs' counsel's attention for the first time a YouTube comment posted below the video discussed in paragraph 8 that contained Deputy Gylfie's home address. On

2

April 23, 2013, I visited the YouTube page and verified that the comment appeared below the video. The comment has since been deleted and no longer appears below the video. Plaintiffs have retained a copy of the comment, but will not file it to avoid further disclosure of Deputy Gylfie's address.

11. Attached as **Exhibit C** is a true and correct copy of portions of the Deposition Transcript of Defendant Rycki Burwell on April 12, 2013, in which he acknowledges he was never interviewed in an investigation into the detention of Plaintiff Greggory Moore.

12. Attached as **Exhibit D** is a true and correct copy of portions of the Deposition Transcript of Defendant Ernie King on April 15, 2013, in which he acknowledges he was never interviewed in an investigation into the detention of Plaintiff Moore.

13. Attached as **Exhibit E** is a true and correct copy of portions of the Deposition Transcript of Defendant Gustavo Carranza on February 22, 2013, in which he acknowledges he was never interviewed in an investigation into the detention of Plaintiff Moore.

14. The incidents underlying this case, as well as the filing of this case, have already received signficant media attention, including in national press. *See* Mekahlo Medina and Olsen Ebright, *Caught on Tape: Deputies Detain Blogger for Taking Photos*, NBC LOS ANGELES, Nov. 9, 2009, http://www.nbclosangeles.com/news/local/MTA-Metro-Blogger-Detainment-Al-Qaeda-69599217.html; Zach Behrens, *Video: Police Detain Blogger in Subway*, LAIST, Nov. 9, 2009, http://laist.com/2009/11/09/video_police_detain_blogger_in_subw.php; CNN Newsroom with Rick Sanchez (CNN television broadcast Nov. 11, 2009), http://transcripts.cnn.com/TRANSCRIPTS/0911/11/cnr.07.html. The incidents underlying this case also led to public debate about LASD practices. *See* George F. Will, *A snapshot of our times*, WASHINGTON POST, Jan. 18, 2012,

3

http://articles.washingtonpost.com/2012-01-18/opinions/35439481_1_shane-quentin-deputies-law-enforcement. Attached as **Exhibit F** are true and correct copies of these documents.

15. Defendant Sgt. Hill and Captain Steven Roller of the Long Beach Courthouse, who signed off on the Department's investigation into Mr. Moore's detention, engaged in extensive interviews about the detention and investigation that were published in the Long Beach Post. *See* Greggory Moore, *Unlawful Police Detentions and Pat-downs in Downtown Long Beach? Part 2*, LONG BEACH POST, Jun 24, 2011, http://www.lbpost.com/news/11882-commentary-unlawful-police-detentions-and-pat-downs-in-downtown-long-beach-part-2 (quoting Defendant Hill); Greggory Moore, *Los Angeles County Sheriff's Commander: Officers Trained That "Potential Terrorist" Activity Such as Photography Merits Pat-Down Searches*, LONG BEACH POST, Oct. 20, 2011, http://www.lbpost.com/news/12605-los-angeles-county-sheriff-s-commander-officers-trained-that-potential-terrorist-activity-such-as-photography-merits-pat-down-searches (quoting LASD Captain Steven Roller). Attached as **Exhibit G** are true and correct copies of these documents.

16. On April 23, 2013, I viewed YouTube's guidelines for Harassment and Cyberbullying, which provide detailed instructions for how persons can respond to online harassment, as opposed to criticism. *See* http://support.google.com/youtube/bin/answer.py?hl=en&answer=126266.

17. On April 23, 2013, I viewed YouTube's Privacy Guidelines, which provide for a complaint process to remove content that includes "uniquely identifiable" information like "full name" and "home address" information within 48 hours. *See* http://www.youtube.com/t/privacy_guidelines.

18. The problem of online comments is widely-recognized. *See, e.g.,* Jesse Singal, *Most Comments Are Horrible — Sites Look for Ways to Make Them* Better, THE DAILY BEAST, Jul. 16, 2012, http://www.thedailybeast.com/articles/2012/07/16/most-comments-are-horrible-

4

sites-look-for-ways-to-make-them-better.html (citing a study which "found that 15 to 20 percent of all online comments contain some form of name-calling"); Ryan Tate, *YouTube Is Developing a Secret Weapon Against the Internet's Worst Commenters*, WIRED, Jun 29, 2012, http://www.wired.com/business/2012/06/youtube-commenters/ (noting that YouTube's "comment sections are widely regarded as cesspools").

19. Plaintiffs have previously produced to Defendants a video, Bates stamped Plaintiffs' 00316, taken by Plaintiff Moore and which captures part of a conversation with Defendant Hill that took place during his detention on June 2, 2011. In the video, Defendant Hill is clearly heard at time marker 06:00 stating that "you were suspiciously doing something that gave us probable cause to contact you."

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 7th day of May 2013 at Los Angeles, California.

*/s/ Yaman Salahi*
Yaman Salahi

5