# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN NEE, *et al*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>                    Defendants. | No. 2:11-cv-08899-DDP-JCG<br><br>PROTECTIVE ORDER AS TO CERTAIN PERSONALLY IDENTIFIABLE INFORMATION |

Upon the stipulation of plaintiffs, defendants, and the Joint Regional Intelligence Center and good cause having been shown, it is hereby ordered as follows:

1. As used in this order, Personally Identifiable Information (PII) shall mean any item of information about an individual; JRIC shall mean the Joint Regional Intelligence Center; Counsel shall mean any of the attorneys in this action for plaintiffs or defendants; and Subpoena shall mean plaintiffs' subpoena to JRIC dated October 31, 2012, as clarified by the agreement between plaintiffs and JRIC entered into on or about March 13, 2013.

2. JRIC, the United States, and its agencies and employees are hereby authorized to produce PII to Counsel in response to the Subpoena.

3. Nothing in this order or the stipulation underlying this order shall constitute a finding or admission that any production of PII to Counsel in response to the Subpoena is a disclosure under the Privacy Act, 5 U.S.C. § 552a.

4. If any production of PII to Counsel in response to the Subpoena is alleged by any person to be a disclosure under the Privacy Act, that production shall be deemed a production under 5 U.S.C. § 552a(b)(11) and this order shall be deemed an order under 5 U.S.C. § 552a(b)(11).

5. Nothing in this order or the stipulation underlying this order shall constitute a finding or admission that JRIC is required to produce any document or information to any person in response to the Subpoena.

6. Nothing in this order or the stipulation underlying this order shall constitute a waiver of any privilege that JRIC may possess with respect to any document, portion of document, or information.

7. PII disclosed to Counsel in response to the Subpoena shall be used exclusively for purposes related to this action and for no other purpose.

8. No PII disclosed to Counsel in response to the Subpoena shall be re-disclosed by Counsel except to colleagues of Counsel or employees of Counsel

actively involved in the prosecution or defense of this action; consultants or experts hired or retained by Counsel in connection with the prosecution or defense of this action; plaintiffs or defendants themselves; or the Court.

9.  No PII disclosed to Counsel in response to the Subpoena shall be filed with the Court except under seal.

10.  Except in the case of disclosures to the Court, no individual shall review or be permitted to review any PII disclosed to Counsel in response to the Subpoena unless and until the individual has executed the following acknowledgment and has returned the executed acknowledgment to Counsel for retention by Counsel during the pendency of this action:

> I, _____, hereby declare under penalty of perjury that I have read the order in *Nee v. County of Los Angeles*, No. 2:11-cv-08899-DPP-JCG (C.D. Cal.), dated [insert the date of this order]; that I understand the terms of that order; and that I agree to be bound by each of those terms.  Without limitation, I agree to refrain from using or disclosing any personally identifiable information encompassed by that order other than in strict compliance with the terms of the order.  I acknowledge that my duties under that order shall survive the termination of *Nee v. County of Los Angeles* and that my failure to

3

comply with the terms of the order may result in the imposition of sanctions by the Court.

Dated:_____ Signed:_____

11. Within 60 days of the termination of this action, Counsel shall destroy or delete all PII disclosed to Counsel in response to the Subpoena, except that Counsel may retain in unredacted form any document filed in this action by the Court or by Counsel.

Dated: July 01, 2013 _____
U.S MAGISTRATE JUDGE