UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8899 DDP (JCGx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | *Shawn Nee, et al. v. County of Los Angeles, et al.* | | |


| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Beatriz Martinez | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Pending before the Court is Defendants' motion for a protective order.  [Dkt. No. 111-115, 118-119.]

Defendants request the Court to maintain the confidentiality designation of the Investigative Affairs Bureau ("IAB") reports of Defendants Deputy D'Andre Lampkin and Sergeant Salvador Becerra.  Defendants contend that these reports resulted in discipline and, in that respect, these reports invoke greater privacy interests.

Plaintiffs counter that these records demonstrate that Defendant Lampkin acted improperly (contradicting his current position in this case) and it is in the public's interest to see these documents.  Plaintiffs also contend that Defendant has "once again failed to demonstrate, as required to keep documents from the public eye, that disclosure of this investigation would not only result in 'particularized harm,' but that such harm outweighs the public interest in disclosure," citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011).

In sum, the Court is mindful that there may have been some expectation of privacy, but that is not enough.  As a general rule, the public is permitted access to litigation documents and information produced during discovery, and the party opposing such disclosure must demonstrate *particularized harm* and, if such specific harm does exist, the Court must still proceed to *balance* the competing private and public interests at stake.  *In re Roman Catholic Archbishop*, 661 F.3d at 424; *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (identifying factors to consider in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8899 DDP (JCGx) | | Date | July 3, 2013 |
|---|---|---|---|---|
| Title | *Shawn Nee, et al. v. County of Los Angeles, et al.* | | | |

balancing competing interests).

Here, Defendants do advance arguments for alleged harm.  For instance, Defendants argue that if disciplinary actions taken privately by the Department are made public, "there is a risk that deputy personnel will refuse to take necessary action when faced with ambiguous situations" as they will be afraid that their employment critiques will be made available for all to see.  (Jt. Stip. at 8; Defs. Supp. Memo. at 2.)  Defendants also argue that, if confidential information is made public, the Department's investigators are "hampered in their ability to conduct fair and thorough investigations because the privacy of the investigations is undermined."  (Decl. of S. Johnson, ¶ 12; Supp. Memo. at 2.)

At the end of the day, these lines of argument – *e.g.*, a "risk" and a "hampering" – rest mostly, if not entirely, on generalizations, much less on specificity.  Notably, the latter is required, and in a particularized way.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)) (internal quotation marks omitted).  Indeed, even if these alleged harms were considered non-speculative, the harms, as described, would not overcome the competing public interest in the particular documents here.  Defendants contend that "only private interests are at issue."  (Supp. Memo. at 5.)  That is not so; both are present here.  The public maintains a notable interest in the protection of civil rights and government accountability, including in allegations of police misconduct.  *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n. 7 (1978) (explaining the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies").

Accordingly, Defendants' motion is **DENIED**[1] and the hearing scheduled for July 16, 2013 at 2:00 p.m. is **VACATED**.

---

[1]  The parties should redact highly sensitive personal information, like addresses, social security numbers, and other irrelevant personal matters, including the references in the files to Deputy Lampkin's prior, unrelated disciplinary history.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8899 DDP (JCGx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | *Shawn Nee, et al. v. County of Los Angeles, et al.* | | |

*It is so ordered.*

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | bm | |